Stuart D. Gavzy
163 East Main Street
Little Falls, New Jersey 07424
973-256-6080
Attorney for Debtor-in-Possession,
Ralph M. Day, Sr.
(SG0543)

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| In the Matter of: | : | Case No.: 08-18384 (MS) |
| | : | |
| RALPH M. DAY, SR. | : | Chapter 11 |
| | : | |
| | : | |
| Debtor-in-Possession | : | |

### CERTIFICATION OF COUNSEL FOR THE DEBTOR-IN-POSSESSION
### IN OPPOSITION TO MOTION TO CONVERT CASE TO CHAPTER 7

Stuart D. Gavzy, of full age, hereby advises the Court in the following manner:

1. I am the attorney for Ralph Day, Sr., the Debtor-in-Possession herein, and make this Certification in opposition to the Motion of the Acting United States Trustee to convert this case to Chapter 7. I am fully familiar with the facts herein.

2. A Petition under Chapter 11 of the Bankruptcy Code was filed on behalf of the Debtor-in-Possession on May 6, 2008, in response to and in order to prevent the public sale of certain property owned by Mr. Day in South Carolina, *to wit*, 714 Ocean Boulevard, Isle of Palms.

3. The imminent foreclosure of this real property was the latest in a long line of misfortunes which had befallen Mr. Day since 2006, when Liberty Mutual Insurance Company terminated the workers' compensation insurance for two companies in which Mr. Day either owned an interest or was employed, namely Viking Industrial Security, Inc. and Viking Alarm

   Systems, Inc.

4. As a result of the termination of workers' compensation insurance, these two companies lost numerous customers and the businesses suffered tremendously, causing great havoc to Mr. Day's finances.

5. This havoc was exacerbated by the alleged negligence of Mr. Day's and the various Viking entities' accountants, Richard Girasole, CPA.

6. As a result of this negligence, Mr. Day had been unable to communicate fully and directly with the tax authorities, including the Internal Revenue Service ("IRS") and the New Jersey Division of Taxation, leading to strained relations between the IRS and Mr. Day, as well as an atmosphere of mistrust which has made further dealings awkward.

7. Parenthetically, the IRS, outside the bankruptcy, received the net proceeds in August 2008 from the sale of a piece of property owned by Mr. Day's son, in the amount of $116,217.52.

8. Mr. Day and his son have joint and several liability to the IRS for taxes which arose during their operation of Viking Industrial Security, Inc. The proof of claim filed by the IRS in the within matter consists largely of debts from Viking Industrial Security, Inc.

9. Mr. Day's new accountants prepared and he has filed his personal income tax returns for tax years 2005 through 2007.

10. It is expected that the Proofs of Claim of the tax authorities will be amended to reflect a new lower amount due.

11. Mr. Day watched his business of twenty years dematerialize, whipsawed as it was between the loss of customers caused by the actions of Liberty Mutual Insurance Company and the relentless pressure from the IRS to collect taxes which Mr. Day believed had not been properly calculated due to the errors and negligence of his former accountant.

12. It has been alleged that Mr. Day has misled parties in interest, and this is not the case.

13. If an error was made regarding the use and reporting of the closing proceeds from the sale of 11 Mountainview Court, money which Mr. Day was able to pry away from Mr. Capazzi, it was his counsel who made the error and not Mr. Day, an error which I profoundly regret.

14. The value of Mr. Day's assets exceeds his debts, and his prospects for a successful reorganization remain strong.

15. It is expected that Mr. Day could put forth a Disclosure Statement and Proposed Plan of Reorganization by the end of January 2009.

For the foregoing reasons, it is respectfully requested that the Motion to Convert this Case to Chapter 7 be denied.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 12/16/2008                    /s/  Stuart D. Gavzy
                                     Attorney for Ralph M. Day, Sr.
                                     Debtor-in-Possession