Stuart D. Gavzy
163 East Main Street
Little Falls, New Jersey 07424
973-256-6080
Attorney for Debtor-in-Possession,
Ralph M. Day, Sr.
(SG0543)

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| In the Matter of: | : | Case No.: 08-18384 (MS) |
| | : | |
| RALPH M. DAY, SR. | : | Chapter 11 |
| | : | |
| | : | |
| _____Debtor-in-Possession_____ | : | |

**CERTIFICATION OF ACCOUNTANT FOR THE DEBTOR-IN-POSSESSION IN OPPOSITION TO MOTION TO CONVERT CASE TO CHAPTER 7**

I, Sean Raquet, of full age, certify as follows:

I am a partner in Bederson & Company, ("Bederson"), the accountants to Ralph Day, Sr., (the "Debtor") in this matter. I make this certification in response to the Motion of the Acting United States Trustee to Convert Or, in the Alternative, to Dismiss the Case Pursuant to 11 U.S.C. 1112 (b) from my review of Bederson's files relating to this matter.

According to the Debtor's bankruptcy petition, the Debtor filed for bankruptcy relief on May 6, 2008.

I have reviewed the Certification of William J. Ziemer (the "Ziemer Certification"), a Bankruptcy Analyst for the Office of the United States Trustee in Newark, New Jersey.

According to the Ziemer Certification at Paragraph 10, the required cash receipt and cash disbursements journals "which explain in detail the monthly revenues and expenses of the Debtor" were omitted from the required Monthly Operating Reports ("MOR").

The Instructions for Preparation of Debtor's Chapter 11 Monthly Operating Report, Individual and Individual with a Sole-Proprietorship (the "Instructions") (Exhibit A), in the third paragraph at item (6) state that individual debtors operating a business, including the management of rental property, as a sole proprietor must complete Cash Disbursements Detail-Attachment 3(A). The Debtor's MORS include Attachment 3(A). Included as Exhibit B as examples are Attachment 3(A) from May 2008 and October 2008.

Furthermore, the Ziemer Certification, at Paragraph 10, indicates that a cash receipt journal explaining the monthly revenues in detail is required to be included in the MORs. The Instructions state in the third paragraph at item (1) that a Summary of Cash Receipts and Disbursements and at item (2) a Schedule of Household Cash Receipts and Cash Disbursements must be included in the MORs. The Debtor's MORs include said schedules. Exhibit C includes examples from the Debtor's MORs for the months of June and September 2008. Nowhere in the instructions does it say that a detailed cash receipts journal is required to be included with the MOR. The Schedule of Household Cash Receipts and Cash Disbursements, included in the Debtor's MORs, includes a detail of the cash receipts included under the "Other" category, as required by it. Exhibit D includes said detail.

I certify under penalty of perjury that the foregoing is true and correct. I understand that if any of the foregoing statements made by me are willingly false, I am subject to punishment.

Dated: 12/16/2008        /s/ Sean Raquet, CPA, CFE
                         Bederson & Company, LLP
                         Accountants for the Debtor