**LAW OFFICE OF CHARLES SHAW**
**& ASSOCIATES, P.C.**
**Charles Shaw, Esq.**
170 Washington Avenue
Dumont, NJ  07628
(201) 338-2821
Attorneys for Debtor
Ralph Day, Sr.

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **In Re:** | : **Chapter 11** |
|  | : |
| **Ralph Day, Sr.,** | : **Case No. 08-18384(MS)** |
|  | : |
| **Debtor(s)** | : |
|  | : **Hearing Date: December 16, 2008 at 11:30 a.m.** |
|  | : |

     **CHARLES SHAW, ESQ.**, of full age, certifies in accordance with R. 1:4-4(b), as follows:

     1.    I am an attorney-at-law of the State of New Jersey with the Law Office of Charles Shaw & Associates, P.C.

     2.    I have known Debtor Ralph Day, Sr. for many years and have served as counsel for him and members of his immediate and extended families, respectively, in both their personal and corporate matters.

     3.    As Mr. Day's personal attorney, I am fully familiar with the facts and circumstances surrounding this case and, specifically, the facts I about to relate herein.

4.      This Certification is submitted in opposition to the Acting United States Trustee's ("Trustee") Motion to convert Mr. Day's Case to a Chapter 7 or, in the alternative, to dismiss Mr. Day's Case pursuant to 11 U.S.C. §1112(b) .

## BUSINESS TRANSACTIONS WITH LOUIS CAPAZZI

5.      In the Memorandum of Law submitted in support of the Trustee's Motion, the Trustee raises an issue surrounding a purported significant loan from Mr. Day to Mr. Day's former business partner, Mr. Louis Capazzi.

6.      Mr. Day's business relationship with Mr. Capazzi began in and around early 2004.

7.      Originally there were four partners involved in real estate ventures, two of whom were personal friends of Mr. Day.  At some point, one of the friends of Mr. Day deceased and one became terminally ill, leaving only two remaining partners, Mr. Day and Mr. Capazzi.

8.      At some point and for a substantial period of time, Mr. Capazzi was a practicing attorney with offices located in Oradell, New Jersey.  Upon information and belief, Mr. Capazzi's practice was predominantly involved in real estate closings and other such matters.  Upon information and belief, Mr. Capazzi was, at some point, either suspended or disbarred from the practice of law in the State of New Jersey for purported ethical violations and/or breaches.

9.      The purpose of the business arrangement amongst the parties was to purchase properties, tear down existing homes, build new residences, and then sell the properties for a profit.

10.    In total, the business group purchased eight (8) properties and built houses on six (6) out of the eight (8) of the properties.

11.    Prior to Mr. Day filing his Bankruptcy Petition in June 10, 2008, all but three (3) of the properties had been sold.

12.    The remaining unsold properties were located at 11 Mountain View Court, Demarest, New Jersey ("Mountain View"); Blaisedale Road, Orangeburg, New York ("Blaisedale"); and 666 Closter Dock Road, Closter, New Jersey ("Closter Dock").

13.    With the significant downturn in the real estate market, the substantial prices of the houses built by the business partners, and the representations of then lawyer/partner Mr. Capazzi to Mr. Day, Mr. Day was led to believe that no equity existed in any properties, including Mountain View, Blaisedale, and Closter Dock, and that all Mr. Day would do for the next several years would be to carry the debt that was incurred directly from building these homes.

14.    Upon information and belief, the representations of Mr. Capazzi were supported by documents now believed to be fakes and/or fraudulent, designed with the specific intent to convince Mr. Day that all was lost in the business ventures including Mountain View, Blaisedale, and Closter Dock, and that no equity and/or profit would be extracted from the last of these transactions.

15.    Based upon suspicions that prior deals may have been profitable and now the Mountain View, Blaisedale, and Closter Dock deals would be purportedly fruitless, Mr. Day requested this firm to order a title search upon Mountain View as it was pending a proposed sale. (*See* copy of March 17, 2008 correspondence to Bridgeview Abstract, annexed hereto as **Exhibit A**).

16.     On March 19, 2008, this firm received a copy of the title search for Mountain View, which indicated that there was only one (1) lien/mortgage on the property. (*See* copy of title search and copy of March 19, 2008 correspondence to Mr. Capazzi, Esq., annexed hereto as **Exhibit B** and **Exhibit C**, respectively).

17.     Suspicions regarding Mr. Capazzi's activities were further aroused when Mr. Capazzi advised my Associate, Eilish M. McLoughlin, Esq., that, unbeknownst to Mr. Day, there was a second, unrecorded Mortgage on Mountain View.

18.     At this point, Mr. Day requested that Mr. Capazzi provide the HUD-1 Closing Statements for four (4) of the properties previously owned by the business association (all pre-bankruptcy filing), namely 67 Highland Avenue, Demarest, New Jersey ("67 Highland"); 62 Columbus Avenue, Demarest, New Jersey ("62 Columbus"); 89 Columbus Avenue, Closter, New Jersey ("89 Columbus"); and 293 Durie Avenue, Closter, New Jersey ("293 Durie"). (*See* copy of March 19, 2008 correspondence, annexed hereto as **Exhibit D**).

19.     Mr. Capazzi refused to provide the requested HUD-1 Closing Statements so the undersigned requested that his counsel, William J. Rush, Esq., furnish same. (*See* copy of March 25, 2008 correspondence, annexed hereto as **Exhibit E**).

20.     Despite repeated requests by this firm, Mr. Rush would not produce the requested closing documents.   The actions of Mr. Rush have been called into question additionally as he apparently served more than "one master" by, in part, representing all parties in these transactions but effectively assisting Mr. Capazzi in furthering his own objectives.

21.     At some point thereafter, Mr. Day was able to independently obtain copies of the HUD-1 Closing Statements for two (2) of the four (4) properties, namely 67 Highland and 62 Columbus through a family member that is a New Jersey licensed real estate

- 4 -

broker. (*See* copy of HUD-1 Closing Statements for 67 Highland and 62 Columbus, annexed hereto as **Exhibit F** and **Exhibit G**, respectively).

22.     A review of the HUD-1 for 67 Highland indicated that $250,156.19 was received as "Cash to Seller" yet Mr. Day never received any portion of these proceeds from this July 20, 2007 closing. (*See* copy of March 26, 2008 correspondence, annexed hereto as **Exhibit H**). In fact, Mr. Day was specifically told by Mr. Capazzi that no net proceeds were able to be obtained through this transaction. This was also confirmed by Mr. Rush who attended the closing with Mr. Capazzi and without Mr. Day.

23.     Furthermore, a review of the HUD-1 for 62 Columbus indicated that "Cash to Seller" amounted to $608,840.40 on this March 30, 2007 closing, yet Mr. Day only received $40,000.00, also at a time prior to the bankruptcy filing. Once again, Mr. Day was specifically told by Mr. Capazzi that no net proceeds were able to be obtained through this transaction. This was also again confirmed by Mr. Rush who attended the closing with Mr. Capazzi and without Mr. Day. (Id.)

24.     It was not until late March 2008 when this firm reviewed the HUD-1 Closing Statements for 67 Highland and 62 Columbus with Mr. Day that we were able to discover that a potential fraud had indeed been committed by Mr. Capazzi, alone or in concert with other individuals, against Mr. Day.

25.     An investigation also revealed that the Deeds for the Blaisedale and Closter Dock properties did not contain Mr. Day's name, though Mr. Day is still an interested party based on his participation in the business arrangement and/or partnership discussed herein and above.

26.     The scope and magnitude of any such loss or financial damages resulting from these purportedly fraudulent activities has not been determined and could not adequately be determined without a lawsuit being filed by Mr. Day against those parties and substantial discovery being undertaken by this firm. This firm was requested by Mr. Day to do so, but I did not accommodate that request due to the significant financial concerns involving Mr. Day as well as the required approval from the Bankruptcy Court to do so on behalf of Mr. Day.

27.     To date, neither this firm nor Mr. Day has been furnished with HUD-1 Closing Statements for 89 Columbus or 293 Durie. The potential fraud committed against Mr. Day may have involved two practicing and/or formerly practicing attorneys and the discovery of any such potential fraud, I would respectfully submit, was much more difficult to discover or even glean any indication of on the part of Mr. Day while dealing with sophisticated and experienced attorneys in real estate matters. At this point, the complete development of Mr. Day's potential claims and/or damages or the specific activities of these parties or other parties can not and has not been determined as of even date.

28.     By May of 2008, there were only three (3) properties remaining which belonged to the business association or partnership.

29.     When presented with some or scant evidence of the potential fraud claims of Mr. Day, along with Mr. Day's refusal to consent to a closing on 11 Mountain View as an interested party, Mr. Capazzi eventually facilitated the closing of 11 Mountain View with the assistance of Mr. Rush and grudgingly capitulated to a payment to Mr. Day which was without prejudice to the rights and/or interests of Mr. Day in any potential cause of action going forwarded against these parties.

- 6 -

30.    The subject closing on 11 Mountain View eventually occurred on or around May 19, 2008 and Mr. Day was given $50,000.00 in connection with same, which was deposited directly into his bankruptcy estate. (*See* copy of HUD-1 Closing Statement for 11 Mountain View and correspondence dated June 2, 2008 with attached check payable to Ralph Day, Sr., annexed hereto as **Exhibit I** and **Exhibit J**, respectively).

31.    The $50,000.00 check made payable to Mr. Day was hand delivered to the Law Office of Stuart Gavzy, Esq., bankruptcy counsel to Mr. Day and the attorney of record in the within matter. Those funds were deposited into Mr. Gavzy's trust account and awaited direction and final disposition from the Bankruptcy Court and/or Trustee. I can certify that Mr. Day fully and completely understood that these proceeds were subject to the bankruptcy estate, and any directives from the Bankruptcy Court and/or Trustee. (*See* **Exhibit J**, annexed hereto).

32.    As evidenced by the real estate transactions described herein and the potential suspect activities of the parties, including knowledgeable and experienced real estate attorneys, it was not possible, at the time of Mr. Day's bankruptcy filing or at the present time, to determine what, if any monies, are due from Mr. Capazzi or any other parties to Mr. Day.

33.    As stated above, Mr. Day was advised that there was no equity in any of the properties in light of the market downturn and, relying upon these purportedly fraudulent misrepresentations from Mr. Capazzi and others, did not believe that 11 Mountain View, or the other two (2) properties remaining at the time of the filing of his Bankruptcy Petition, had any equity or value that could be reported to the Bankruptcy Court.

34.    Upon information and belief, Mr. Capazzi, acting in concert with others, purposely concealed and/or diverted the equity in the properties owned by the business

- 7 -

association by, *inter alia*, transferring title in the properties to other entities/individuals, allegedly forging Mr. Day and Mrs. Day's signatures on HUD-1 Closing Statements, and taking equity from the properties, in the form of liens and/or mortgages, for his own benefit or the benefit of third parties.

35.    As stated above, Mr. Day has requested that this firm initiate a lawsuit against Mr. Capazzi and others who may have acted in concert with Mr. Capazzi in connection with these real estate transactions.

36.    To date, this firm has not yet filed a lawsuit as we shall await permission from the Bankruptcy Court for same and a better sense of the manner in which that litigation could or may be funded by Mr. Day.

37.    Although any litigation, at this point, would be brought in good faith and be potentially meritorious based on the proofs obtained to date, Mr. Day does not, to my understanding, have the resources to initiate or finance a lawsuit of this magnitude with this firm at this time.

## LITIGATION AGAINST LIBERTY MUTUAL INSURANCE COMPANY

38.    On October 1, 2008, this firm was admitted as Special Litigation Counsel in connection with this matter.

39.    This firm has been representing Mr. Day, Ralph Day, Jr., Viking Industrial Security, Inc. and Viking Alarm Systems, Inc. in the matter of *Viking Industrial Security, Inc., et al. v. Liberty Mutual Ins. Co., et al.*, Docket No. SOM-L-1223-7 (the "Liberty Mutual Litigation") since the filing of the Complaint in April 10, 2007.

40.    The Liberty Mutual Litigation predominantly arose out of Liberty Mutual's wrongful termination of worker's compensation insurance for Viking Industrial

Security, Inc. and Viking Alarm Systems, Inc., causing Viking to lose, in part, numerous longstanding, valuable customers.

41.    Subsequent to Viking filing its Complaint, Liberty Mutual filed a lawsuit against Viking based upon the same events. *Liberty Mutual Ins. Co., et al. v. Viking Industrial Security, Inc., et al*, Docket No. SOM-L-525-07.

42.    The State of New Jersey filed a Complaint as Plaintiff-Intervenor under Docket No. SOM-L-525-07, and several parties have been added since the inception of the Liberty Mutual Litigation.

43.    After filing the initial Complaint, Viking added Richard Girasole, CPA as a Defendant to the litigation based, in part, on Mr. Girasole's failure to cooperate with Viking and/or Liberty Mutual in the insurance audit process.

44.    Defendant Girasole served as Viking's accountant for approximately twenty (20) years.

45.    The discovery process in the Liberty Mutual Litigation has been frustrated by Defendant Girasole's refusal to produce financial documents concerning Viking.

46.    Viking has alleged, *inter alia*, that Defendant Girasole, in his role as Viking's accountant, committed professional malpractice and Viking has submitted and filed the appropriate and required Affidavit of Merit in support of same.

47.    The Liberty Mutual Litigation is still in the discovery stage with a Discovery End Date of April 31, 2009.

48.    The total extent of Viking's damages in that matter is in the process of being calculated but can be represented to this Court to be substantial.

49.      The Liberty Mutual Litigation is ongoing, aggressive, and complex, and the possibility of recovering damages is not illusory, based upon the actions, inactions, and conduct of Liberty Mutual and Mr. Girasole, respectively.

50.      This firm has the benefit of the complex history and factual background of the Liberty Mutual Litigation, which a Chapter 7 Trustee would not.

51.      I respectfully submit that Mr. Day's bankruptcy estate would be best served by permitting Mr. Day to remain in Chapter 11 protection and allowing this firm to continue to aggressively pursue the Liberty Mutual Litigation.

52.      As stated herein, Mr. Day has been a client of the undersigned for many years.

53.      I have represented Mr. Day in personal as well as corporate matters.

54.      I have always known Mr. Day to be honest, fully responsive and forthcoming with regard to his personal, financial and corporate transactions.

55.      To date, I can respectfully submit that any request or directive from this firm to Mr. Day was always, without exception, received well, handled appropriately and completed timely.

56.      I would welcome the opportunity to appear before the Court to address any concerns that the Court or Trustee may have with regard to Mr. Day's real estate transactions with Mr. Capazzi or any other issues that the Bankruptcy Court may deem proper and/or necessary relevant to the now pending Motion before the Court.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____

**CHARLES SHAW, ESQ.**

Date: December /6 , 2008

# EXHIBIT A

# Law Office of Charles Shaw & Associates

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

TEL (201) 338-2821

170 Washington Avenue
Dumont, New Jersey 07628

FAX (201) 338-2826

March 17, 2008

<u>VIA FACSIMILE</u>
(201) 224-0572

Bridgeview Abstract
260 Columbia Avenue
Fort Lee, New Jersey 07024

**Re:** **<u>11 Mountain View Court, Demarest</u>**

Dear Sir or Madam:

Kindly provide a search on the following property to determine if there are any outstanding liens or mortgages on same:

- Address: 111 Mountain View Court, Demarest, New Jersey
- Lot:   15
- Block: 1.03
- Deed holder: Lou Capazzi

If you require any additional information in order to conduct this search, kindly contact the undersigned. I will await your response.

Thank you in advance for your attention to this matter.

Very truly yours,

EILISH M. MCLOUGHLIN

# EXHIBIT B



# BRIDGEVIEW ABSTRACT, INC.

**TITLE INSURANCE AGENTS**

260 COLUMBIA AVENUE, FORT LEE, NJ 07024   (201)224-6678   FAX # (201)224-0572

March 18, 2008

Eilish M. McLoughlin, Esq.
Law Office of Charles Shaw & Associates
170 Washington Avenue
Dumont, NJ  07628

**RE: Title No.**     **S-60557**
                      11 Mountain View Court
                      Borough of Demarest
                      Lot(s) 15, Block 1.03

Dear Ms. McLoughlin:

Please be advised that we have conducted searches with regard to the above mentioned title in Bergen County and Trenton and find the following:

Title is vested in Ann Capazzi by deed from Sergey Timofeyev and Marina Timofeyev, his wife dated December 1, 2004, recorded February 21, 2006 in the Bergen County Clerk's Office in Deed Book 9020, page 18.

Subject to:
**1.**  Mortgage made by Ann Capazzi to Chevy Chase Bank, FSB dated June 19, 2007, recorded July 13, 2007 in the Bergen County Clerk's Office in Mortgage Book 16862, page 584. Securing the sum of $1,187,900.00.
**2.**  UCC #368 filed February 19, 2004 vs. Louis A. Capazzi, Jr., Attorney at Law, PC.  Secured Party is:  The Provident Bank.
**3.**  Trenton Judgment Search shows two returns.
**4.**  Tax Search ordered, not yet received.

This is a special service search and no title policy is to be issued.  Our liability hereunder for errors or omissions is hereby limited to $300.00.

Very truly yours,

Bridgeview Abstraft
/LM

Prepared by:

EUGENE N. CAVALLO, ESQ.

20 40
5- 40

# DEED

This Deed is made on December 1,     2004

BETWEEN

**SERGEY TIMOFEYEV AND MARINA TIMOFEYEV, HUSBAND AND WIFE**

whose address is 11 MOUNTAIN VIEW COURT, DEMAREST, NJ 07627

referred to as the Grantor.

AND

**AMY CAPAZZI**

whose address is 660 KINDERKAMACK ROAD, ORADELL, NJ 07649

referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

| Consideration | 630000.00 |
| Realty Transfer Fee | 5055.00 |
| State Portion | 3535.00 |
| County Portion | 800.00 |
| Municipality Portion | 720.00 |

72754      Deed > 550,000
Kathleen A. Donovan      Recording Fee 80.00
Bergen County Clerk
Recorded 02/21/2004 16:16

**TRANSFER OF OWNERSHIP.** The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of SIX HUNDRED THIRTY THOUSAND 00/100 ——— ($630,000.00)————————DOLLARS
The Grantor acknowledges receipt of this money.

**TAX MAP REFERENCE. (N.J.S.A. 46:15-2.1)** Municipality of DEMAREST
Block No.    1.03    Lot No.    15        Account No.

Block No.    1.01    Lot No.    15        Municipality of CRESSKILL
Account No.

/__/ No property tax identification number is available on the date of this Deed. (Check box if applicable.)

**PROPERTY.** The property consists of the land and all the buildings and structures on the land in the BOROUGH of DEMAREST County of BERGEN and State of New Jersey. The legal description is:

**\*\*\* SEE LEGAL DESCRIPTION ATTACHED HERETO\*\*\***

BEING COMMONLY KNOWN AS 11 MOUNTAIN VIEW COURT, DEMAREST, NJ 07627

In Compliance with Chapter 157, Laws of 1977, premises are also known as Tax Lot 15   in Block 1.03    on the Official Tax Map of the municipality of DEMAREST.

In Compliance with Chapter 157, Laws of 1977, premises are also known as Tax Lot 15   in Block 1.01    on the Official Tax Map of the municipality of CRESSKILL.

BEING THE SAME PREMISES CONVEYED TO THE GRANTORS HEREIN BY DEED FROM PRUDENTIAL RESIDENTIAL SERVICES, LIMITED PARTNERSHIP, A DELWARE LIMITED PARTNERSHIP by: PRUDENTIAL HOMES CORPORATION, ITS GENERAL PARTNER DATED SEPTEMBER 17, 2004 AND RECORDED IN THE BERGEN COUNTY CLERK'S OFFICE ON             IN BOOK             PAGE

BK 0 9 0 2 0 P G 0 1 8

## NEW JERSEY TITLE INSURANCE COMPANY

File Number: 8TG-015367

SCHEDULE A, ITEMS
LEGAL DESCRIPTION

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Demarest and the Borough of Cresskill, County of Bergen, State of New Jersey.

BEING known and designated on a certain map entitled "Map of Heather Hill Homes", property of Lynn Associates, Inc., of Demarest and Cresskill, Bergen County, New Jersey, September 29, 1949 and filed in the Office of the Clerk of the County of Bergen on December 19, 1949 as map no. 8839, known, laid down and designated as Lot Number Fifteen (15) in Block 1-C.

BEGINNING at a point in the northerly sideline of Mountain View Court (50 feet wide), said point being distant 245.70 feet northerly and westerly along the same from its intersection with the northerly sideline of Mountain View Road (50 feet wide), if both sidelines were extended to form an intersection and from said point of beginning running; thence

(1)    along said sideline on a curve to the left having a radius of 50.00 feet an arc length of 73.69 feet to a point; thence

(2)    South 84 degrees 45 minutes 30 seconds West 122.73 feet to a point; thence

(3)    North 13 degrees 02 minutes 30 seconds East 123.26 feet to a point; thence

(4)    North 14 degrees 52 minutes 30 seconds East 118.32 feet to a point; thence

(5)    South 75 degrees 07 minutes 30 seconds East 78.38 feet to a point; thence

(6)    South 10 degrees 49 minutes 50 seconds East 152.23 feet to the point and place of BEGINNING.

The above description is in accordance with a survey prepared by Gary Hammerstein, PLS, dated September 15, 2004

NOTE: Being Lot 15, Block 1.03, Tax Map of the Borough of Demarest, County of Bergen

NOTE: Being Lot 15, Block 1.01, Tax Map of the Borough of Cresskill, County of Bergen

NOTE: Lot and Block shown for informational purposes only.

Issued by:
State Title Group, Inc.
192 West End Avenue
Somerville, NJ 08876
Telephone: (908) 252-3900 Fax: (908)253-9905 (Main) &(908)253-3915 (Title Dept)

Schedule C - Legal Description

State of New Jersey
## SELLER'S RESIDENCY CERTIFICATION/EXEMPTION
(C.55, P.L. 2004)

GIT/REP-3
(9-04)

### SELLER(S) INFORMATION (If multiple Sellers, Each Seller Must Complete a Certification)

Name(s)

SERGEY TIMOFEYEV AND MARINA TIMOFEYEV

Current Resident Address:

Street: 11 MOUNTAIN VIEW COURT

| DEMAREST | NJ | 07627 | |
|---|---|---|---|
| City, Town, Post Office | State | Zip Code | |

### PROPERTY INFORMATION (Brief Property Description)

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 1.03 | 15 | |

Street Address: 11 MOUNTAIN VIEW COURT

| DEMAREST | NJ | 07627 | |
|---|---|---|---|
| City, Town, Post Office | State | Zip Code | |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 100% | $630,000.00 | |

### SELLER'S ASSURANCES (Check the Appropriate Box)

1. [X] I am a resident taxpayer of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. [ ] The real property being sold or transferred is used exclusively as my principal residence within the meaning of Section 121 of the Federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. [ ] I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. [ ] Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. [ ] Seller is not individual, estate or trust as such not required to make an estimated payment pursuant to N.J.S.A. 54A:1-1 et. seq.

6. [ ] The total consideration for the property is $1,000.00 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-11 et. seq.

7. [ ] The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale.

### SELLER(S) DECLARATION

The undersigned understands that this Declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment or both. I furthermore declare that I have examined this Declaration and, to the best of my knowledge and belief, it is true, correct and complete.

| 12/1/04 | | |
|---|---|---|
| Date | Signature (Seller) [Please indicate if Power of Attorney or Attorney in Fact] | |

| 12/1/04 | | |
|---|---|---|
| Date | Signature (Seller) [Please indicate if Power of Attorney or Attorney in Fact] | |



557046570

Return To:
Document Control Dept.
7501 Wisconsin Avenue
Bethesda, MD 20814

77716        Mortgage
[Kathleen A. Donovan] Recording Fee 180.00
Bergen County Clerk
Recorded 07/13/2007 10:31

Prepared By:
Joyce McCarson, Loan Closer
Chevy Chase Bank, F.S.B.
7501 Wisconsin Avenue
Bethesda, MD 20814

_____[Space Above This Line For Recording Data]_____

# MORTGAGE

MIN 1000153-0557046570-2

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated June 19, 2007
together with all Riders to this document.
(B) "Borrower" is ANN CAPAZZI

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee
under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an
address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

NEW JERSEY - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS        Form 3031 1/01

-6A(NJ) (0610)

Page 1 of 16        Initial: AC

VMP Mortgage Solutions, Inc.

15446623

AC

MIN  1000153-0557046570-2

(D) "Lender" is Chevy Chase Bank, F.S.B.

Lender is a federally chartered savings bank
organized and existing under the laws of the United States of America
Lender's address is 7501 Wisconsin Avenue, Bethesda, MD 20814

(E) "Note" means the promissory note signed by Borrower and dated  June  19, 2007
The Note states that Borrower owes Lender One Million One Hundred Eighty Seven
Thousand Nine Hundred and 00/100                                                                                      Dollars
(U.S. $ 1,187,900.00               ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than  July 1, 2037

(F) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."

(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.

(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

[X] Adjustable Rate Rider        [ ] Condominium Rider            [ ] Second Home Rider
[ ] Balloon Rider                [ ] Planned Unit Development Rider [X] 1-4 Family Rider
[ ] VA Rider                     [ ] Biweekly Payment Rider       [X] Other(s) [specify]  Legal Descrip.

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.

(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.

(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.

(L) "Escrow Items" means those items that are described in Section 3.

(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.

(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,
the Loan.

(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used
in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard
to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage
loan" under RESPA.

-6A(NJ) (0401)                                 Page 2 of 15                                       Form 3031 1/01

15446623

B16862P585

## CHICAGO TITLE INSURANCE COMPANY
### TITLE INSURANCE COMMITMENT

File Number: ECT07-472

### SCHEDULE C
### LEGAL DESCRIPTION

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Demarest, County of Bergen, State of New Jersey:

BEGINNING at a point in the northerly sideline of Mountain View Court (50 feet wide), said point being distant 245.70 feet northerly and westerly along the same from its intersection with the northerly sideline of Mountain View Road (50 feet wide), if both sidelines were extended to form an intersection and from said point of beginning running; thence

1. Along said sideline on a curve to the left having a radius of 50.00 feet an arc length of 73.69 feet to a point; thence

2. South 84 degrees 43 minutes 30 seconds West 122.73 feet to a point; thence

3. North 13 degrees 02 minutes 30 seconds East 123.16 feet to a point; thence

4. North 14 degrees 52 minutes 30 seconds East 118.52 feet to a point; thence

5. South 75 degrees 07 minutes 30 seconds East 78.38 feet to a point; thence

6. South 10 degrees 49 minutes 50 seconds East 152.33 feet to the point and place of BEGINNING.

NOTE: Being Lot(s): 15; Block 1.03; Tax Map of the Borough of Demarest, County of Bergen, State of New Jersey.

NOTE: Lot and Block shown for informational purposes only.

Schedule C

B16862P587

MIN  1000153-0557046570-2

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Signed, sealed and delivered in the presence of:

_____                    _____ (Seal)
                                            ANN CAPAZZI              -Borrower

_____                    _____ (Seal)
                                                                    -Borrower

_____ (Seal)             _____ (Seal)
                -Borrower                                           -Borrower

_____ (Seal)             _____ (Seal)
                -Borrower                                           -Borrower

_____ (Seal)             _____ (Seal)
                -Borrower                                           -Borrower


-6A(NJ) (0011)         Page 14 of 16      Initials AC      Form 3031 1/01

15448623

B16862P598

000368
FEB 19 2004

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME AND PHONE OF CONTACT AT FILER (optional)

B. SEND ACKNOWLEDGEMENT TO: (Name and Address)
Boffa, Shaljian, Cammarata, Nulty & Garrigan, LLC
850 Bergen Avenue
Jersey City, NJ 07306

20476   UCC 1 - Financial Statement
Kathleen A. Donovan   Recording Fee 25.00
Bergen County Clerk
Recorded 02/19/2004 11:45

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME – insert only one debtor name (1a or 1b) – do not abbreviate or combine names
1a. ORGANIZATION'S NAME
Louis A. Capozzi, Jr. Attorney At Law, P.C.

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 280 Kinderkamack Road | Oradell | NJ | 07649 | |

| 1d. TAX ID #. SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| 22-3314050 | | Corporation | New Jersey | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – insert only one debtor name (2a or 2b) – do not abbreviate or combine names
2a. ORGANIZATION'S NAME

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #. SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASS (NEE of ASSIGNOR S/P) – insert only one secured party name (3a or 3b)
3a. The Provident Bank

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 830 Bergen Avenue | Jersey City | NJ | 07306 | USA |

4. This FINANCING STATEMENT covers the following collateral:

See Exhibit A attached hereto.

5. ALTERNATIVE DESIGNATION (if applicable): ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS. Attach Addendum (if applicable) | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA
FILING OFFICE: County Records

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 7/29/98)

RIDER TO UCC-1

DEBTOR:                          Louis A. Capazzi, Jr. Attorney At Law, P.C.

SECURED PARTY:            The Provident Bank


Set-Off. Debtor hereby grants to the Secured Party a lien and interest against any funds or
property of Debtor that are at any time on deposit with the Secured Party. Upon the occurrence
of a default, Secured Party may, without notice and without limiting any other available right
remedy, freeze such funds or other property or any obligation owing by Secure Party to the
Debtor, against all sums outstanding under the Note or the Mortgage, executed simultaneously
herewith.


All furniture, furnishings, partitions, screens, awnings, venetian blinds, window shades,
draperies, carpeting, pipes, ducts, conduits, dynamos, motors, engines, compressors, generators,
vacuum cleaning systems, call systems, switchboards, sprinkler systems, fire prevention and
extinguishing apparatus, refrigerating, air conditioning, heating, dishwashing, plumbing,
ventilating, gas, steam, electrical and lighting fittings and fixtures, licenses or permits of any
kind, trademarks, copyrights, accounts receivable, rights to any trade names, operating supplies
and inventory and all other machinery, fixtures, tools, implements, apparatus, appliances,
equipment, goods, facilities and other personal property of every kind and character whatsoever,
together with all renewals, replacements and substitutions thereof and additions and accessions
thereto in which Debtor now has, or at any time hereafter acquires, an interest and which are
now or hereafter located or situated in or upon, or affixed or attached to, or used in connection
with the enjoyment, occupancy and/or operation of, all or any portion of its business, and the
proceeds of all of the foregoing items, including all contracts and the proceeds there from.


All equipment and machinery, including power-driven machinery and equipment, furniture and
fixtures now owned or hereafter acquired, together with all replacements thereof, all
attachments, accessories, parts and tools belonging thereto or for use in connection therewith.


All inventory, raw materials, work in process and supplies now owned or hereinafter acquired.

All accounts receivable now outstanding or hereafter arising.

All contract rights and general intangibles now in force or hereafter acquired.

```
CHARLES JONES INC                    NEW JERSEY SUPERIOR COURT,
                                     UNITED STATES DISTRICT COURT AND
HEREBY CERTIFIES TO:                 UNITED STATES BANKRUPTCY COURT


947-0524-20                RE: S-60557




                 BRIDGEVIEW ABSTRACT CO INC
                 PO BOX 3240
                 FORT LEE NJ 07024-9240


     THAT IT HAS SEARCHED THE INDEX OF THE CIVIL JUDGMENT AND ORDER DOCKET
OF THE SUPERIOR COURT OF NEW JERSEY, THE INDEX OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW JERSEY, AND THE INDEX OF THE UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY AND DOES NOT FIND REMAINING
UNSATISFIED OF RECORD IN ANY OF THESE COURTS A JUDGMENT OR OTHER DOCKETED
RECORD REFERRED TO BY THE RESPECTIVE INDICES WHICH CONSTITUTES A GENERAL
LIEN ON REAL PROPERTY IN NEW JERSEY, NOR ANY CERCLA LIEN ON SPECIFIC REAL
PROPERTY WITHIN NEW JERSEY, NOR ANY PETITION COMMENCING PROCEEDINGS IN
BANKRUPTCY EXCEPT AS BELOW SET FORTH AGAINST:

                                     FROM          TO

ANN CAPAZZI                          03-14-1988  03-14-2008




          *****      WITH JUDGMENTS        *****

                 (SEE ATTACHED  1  PAGE)




DATED      03-14-2008
TIME       08:45 AM

FEES: $ 10.00
TAX:  $  0.70
TOTAL:$ 10.70                    CHARLES JONES INC
                                P.O. BOX 8488
RN08-078-05081      078    0837078 02    TRENTON, NJ 08650
```

RN08-078-05081          RE: S-60557                                    1
947-0524-20

1.
                          SUPERIOR COURT OF NEW JERSEY              _____ INIT
JUDGMENT NUMBER: DJ-199415-2007
DATE DOCKETED: 07/19/07
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                              DEBT: $      3,864.25
CREDITOR(S):
     DIV OF TAXATION ,TAX ID NUMBER = I******194000
            ATTORNEY: PRO SE
DEBTOR(S):
     ANN CAPAZZI , SSN#:XXX-XX-0194
                16 E BROOK DR, HARRINGTON PARK, NJ 07640-1358
            ATTORNEY: PRO SE
                   ---------------
              *** End of Abstract ***

CHARLES JONES INC                         NEW JERSEY SUPERIOR COURT,
                                          UNITED STATES DISTRICT COURT AND
HEREBY CERTIFIES TO:                      UNITED STATES BANKRUPTCY COURT


947-0524-20                    RE: S-60557



                    BRIDGEVIEW ABSTRACT CO INC
                    PO BOX 3240
                    FORT LEE NJ 07024-9240


     THAT IT HAS SEARCHED THE INDEX OF THE CIVIL JUDGMENT AND ORDER DOCKET
OF THE SUPERIOR COURT OF NEW JERSEY, THE INDEX OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW JERSEY, AND THE INDEX OF THE UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY AND DOES NOT FIND REMAINING
UNSATISFIED OF RECORD IN ANY OF THESE COURTS A JUDGMENT OR OTHER DOCKETED
RECORD REFERRED TO BY THE RESPECTIVE INDICES WHICH CONSTITUTES A GENERAL
LIEN ON REAL PROPERTY IN NEW JERSEY, NOR ANY CERCLA LIEN ON SPECIFIC REAL
PROPERTY WITHIN NEW JERSEY, NOR ANY PETITION COMMENCING PROCEEDINGS IN
BANKRUPTCY EXCEPT AS BELOW SET FORTH AGAINST:

                                         FROM          TO

LOU CAPAZZI                              03-14-1988  03-14-2008



          *****      WITH JUDGMENTS          *****

                  (SEE ATTACHED  1  PAGE)




DATED      03-14-2008
TIME       08:45 AM

FEES: $ 10.00
TAX:  $  0.70
TOTAL:$ 10.70                            CHARLES JONES INC
                                         P.O. BOX 8488
RN08-078-01705      078    0576078 02    TRENTON, NJ 08650

RN08-078-01705          RE: S-60557
947-0524-20                                                              1

1.
                        SUPERIOR COURT OF NEW JERSEY                  _____ INIT
JUDGMENT NUMBER: DJ-199416-2007
DATE DOCKETED: 07/19/07
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                                    DEBT: $      3,864.25
CREDITOR(S):
      DIV OF TAXATION ,TAX ID NUMBER = I******032000
            ATTORNEY: PRO SE
DEBTOR(S):
      LOUIS A CAPAZZI , SSN#:XXX-XX-0032
                  16 E BROOK DR, HARRINGTON PARK, NJ 07640-1358
            ATTORNEY: PRO SE
                  ---------------
                  *** End of Abstract ***

# EXHIBIT C

# Law Office of Charles Shaw & Associates

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

170 Washington Avenue
Dumont, New Jersey 07628

TEL (201) 338-2821

FAX (201) 338-282

March 19, 2008

<u>VIA FACSIMILE & REGULAR MAIL</u>
(201) 986-1132

Louis Capazzi, Esq.
660 Kinderkamack Road
Oradell, New Jersey 07649

Re:   **The property located at 11 Mountain View Court,
Borough of Demarest, New Jersey**

Dear Mr. Capazzi:

As you are aware, this firm represents Mr. Ralph Day, Sr. in both his personal and corporate capacity. The property located at 11 Mountain View Court, Borough of Demarest, New Jersey (the "Subject Property") is being sold and this firm shall be handling the closing for said transaction. Thus, kindly advise all realtors, brokers, and/or parties to contact this firm directly regarding any matter concerning the sale of the Subject Property.

Kindly be advised that there is only one (1) lien/mortgage currently on the Subject Property. You are hereby directed not to file or cause to be filed, directly or indirectly, any liens, encumbrances, or mortgages on the Subject Property. In the event that you should in any way encumber the Subject Property in direct contravention of this notice, you are, and previously were, placed on <u>formal notice</u> that you will be subject to considerable civil liability including, but not limited to, breach of contract, breach of fiduciary duty, breach of good faith and fair dealing, and tortious interference with prospective economic advantage. You are to be guided accordingly.

This correspondence is forwarded without prejudice to the rights and/or interests of Ralph Day, Sr. in connection with any and all matters he may have with or against you.

Very truly yours,

EILISH M. MCLOUGHLIN

cc:   William J. Rush, Esq. (via facsimile and regular mail)
Ralph Day, Sr. (via regular mail)

# EXHIBIT D

# Law Office of Charles Shaw & Associates

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

170 Washington Avenue
TEL (201) 338-2821                    Dumont, New Jersey 07628

FAX (201) 338-28

March 19, 2008

**VIA FACSIMILE & REGULAR MAIL**
(201) 986-1132

Louis Capazzi, Esq.
660 Kinderkamack Road
Oradell, New Jersey 07649

Re:    **11 Mountain View Court, Demarest, New Jersey**

Dear Mr. Capazzi:

During a telephonic conference earlier today with my associate, Eilish M. McLoughlin, Esq., you advised that there is a purported second mortgage on the property located at 11 Mountain View Court, Borough of Demarest, New Jersey (the "Subject Property").

I have discussed this matter with my client, Ralph Day, Sr., and he is unaware of the purported, unrecorded mortgage. Additionally, if, in fact, an unrecorded mortgage does exist, it is my client's contention that said mortgage is your sole responsibility and is an obligation that is wholly unrelated to the Subject Property, or is an obligation personal in nature and related to you exclusively. If you dispute this contention, kindly provide this office with the appropriate written, documentary evidence supporting your position, and I will review same.

Furthermore, you are continued to be on <u>formal notice</u> that you are prohibited from filing or causing to be filed, directly or indirectly, any liens, encumbrances, or mortgages on the Subject Property. You continue to be guided accordingly.

Finally, as requested by Mr. Day earlier today, kindly provide this office with the HUD-1 Closing Statements for the following properties:

- 67 Highland Avenue, Demarest, New Jersey;
- 62 Columbus Avenue, Demarest, New Jersey;
- 89 Columbus Avenue, Closter, New Jersey; and
- 293 Durie Avenue, Closter, New Jersey.

I will await your prompt response to the above.

**Law Office of Charles Shaw & Associates**

March 19, 2008
Page 2

      This correspondence is forwarded <u>without</u> prejudice to the rights and/or interests of Ralph Day, Sr. in connection with any and all matters he may have with or against you.

Very truly yours,

CHARLES SHAW

cc:    William J. Rush, Esq. (via facsimile and regular mail)
      Ralph Day, Sr. (via regular mail)

# EXHIBIT E

# Law Office of Charles Shaw & Associates

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

TEL (201) 338-2821

170 Washington Avenue
Dumont, New Jersey 07628

FAX (201) 338-28

March 25, 2008

VIA FACSIMILE & REGULAR MAIL
(201) 372-1007

William J. Rush, Esq.
10 Stuyvesant Avenue
Lyndhurst, New Jersey 07071

**Re:    11 Mountain View Court, Demarest, New Jersey**

Dear Mr. Rush:

As you are aware, this firm represents the interests of Mr. Ralph Day, Sr. in connection with the above-captioned matter. You have confirmed that you represent Mr. Louis Capazzi in connection with this matter. I have been advised that the closing on 11 Mountain View Court, Borough of Demarest, New Jersey (the "Subject Property") is scheduled for Tuesday, March 25, 2008.

Per the mutual agreement of the parties, your office will be conducting the closing of the Subject Property on behalf of the sellers. Kindly furnish this office with the HUD-1 Closing Statement for the Subject Property in advance of the closing, as our client will not authorize a closing on the Subject Property until this firm has reviewed and approved the HUD-1 Closing Statement.

Further pursuant to our agreement, you will hold any and all monies from the sale of the Subject Property in escrow until an agreement is reached by the parties or until Order of the Court directing you to disburse same. Compliance with the terms of this agreement, namely forwarding the HUD-1 to this firm for review, refraining from closing on the Subject Property until you receive this firm's approval, and holding the sale monies in escrow, will negate Mr. Day's pursuance of interim restraints through the filing of an Order to Show Cause.

Finally, prior to your acknowledgement that you represent Mr. Capazzi in this matter, on Thursday, February 19, 2008, this firm sent Mr. Capazzi correspondence requesting that he provide HUD-1 Closing Statements for the following properties:

- 67 Highland Avenue, Demarest, New Jersey;
- 62 Columbus Avenue, Demarest, New Jersey;
- 89 Columbus Avenue, Closter, New Jersey; and

March 24, 2008
Page 2

**Law Office of Charles Shaw & Associates**

- 293 Durie Avenue, Closter, New Jersey.

In a telephonic conference with Mr. Capazzi on Thursday, March 19, 2008, Mr. Capazzi indicated that he would indeed furnish same.   Once you have confirmed your client's agreement to provide the documents to this firm, kindly forward the above-listed HUD-1 Closing Statements to this firm for our review.

Kindly sign this correspondence in the location indicated below and return an executed copy to this firm indicating your receipt, acknowledgement, and agreement with the terms contained herein.  I will await your response.

This correspondence is forwarded <u>without</u> prejudice to the rights and/or interests of Ralph Day, Sr. in connection with any and all matters he may have with or against your client.

Very truly yours,

/s/ Charles Shaw

CHARLES SHAW
Dictated but not read.

**BY:**_____
    William Rush, Esq.

**DATED:** March _____, 2008

cc:    Ralph Day, Sr. (via regular mail)

# EXHIBIT F

HUD-1 UNIFORM SETTLEMENT STATEMENT

OMB Approval No. 2502-0

| A. | U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT | | |
|---|---|---|---|

| B. | TYPE OF LOAN | | |
|---|---|---|---|
| | 1. FHA    2. FmHA | 6. File Number: 2006-2935 | 7. Loan Number: 0701180528 |
| | 3. X Conv. Unins.    4. VA    5. Cons. Ins. | 8. Mortgage Insurance Case Number | |

C.   NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.
NOTE: TIN = Taxpayer's Identification Number

| D.   NAME AND ADDRESS OF BORROWER: | E.   NAME, ADDRESS AND TIN OF SELLER: | F.   NAME AND ADDRESS OF LENDER: |
|---|---|---|
| Uk Chung Jin H. Chong 60 Park Ave., #9N New York, NY 10016 | Ralph Day Virginia Day | Hudson City Savings Bank West 80 Centruy Rd., Paramus, NJ 07652 |

| G.   PROPERTY LOCATION: | H.   SETTLEMENT AGENT NAME, ADDRESS AND TIN | |
|---|---|---|
| 67 Highland Ave. Demarest, NJ 07627 | Sang Chin Yom  13-3898658 1580 Lemoine Avenue, Suite 9, Fort, Lee, NJ 07024 | |
| 49        127 | PLACE OF SETTLEMENT 1580 Lemoine Ave., suite 9, Fort Lee, NJ 07024 | I.   SETTLEMENT DATE 07/20/2007 |

| J.   SUMMARY OF BORROWER'S TRANSACTION | | K.   SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER: | | 400. GROSS AMOUNT DUE TO SELLER: | |
| 101. Contract sales price | 1,300,000.00 | 401. Contract sales price | 1,300,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (Line 1400) | 35,614.63 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 1,335,614.63 | 420. GROSS AMOUNT DUE TO SELLER | 1,300,000.00 |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER: | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| 201. Deposit or earnest money | 130,000.00 | 501. Excess deposit | 130,000.00 |
| 202. Principal amount of new loan(s) | 400,000.00 | 502. Settlement charges to seller (Line 1400) | 61,605.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| Refundable Commitment Fee | 4,000.00 | 504. Payoff of first mortgage loan Countrywide | 516,626.68 |
| | | 505. Payoff of second mortgage loan Wachovia Bank | 252,159.21 |
| | | 506. Fedex | 75.00 |
| | | 507. | |
| | | 508. | |
| | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| City/town taxes 07/01/2007-07/20/2007 | 877.92 | 510. City/town taxes 07/01/2007-07/20/2007 | 877.92 |
| County taxes | | 511. County taxes | |
| Assessments | | 512. Assessments | |
| | | 513. Open Mortgage escrow/SCY | 2,500.00 |
| refrigerator credit | 1,000.00 | 514. Tax lien escrow/ SCY | 85,000.00 |
| Taxes Current Year 10259.80 | | 515. refrigerator credit | 1,000.00 |
| Per Diem         28.109 | | 516. | |
| Seller Paid     4772.00 | | 517. | |
| Seller Owes (days)   201 | | 518. | |
| TOTAL PAID BY/FOR BORROWER | 535,877.92 | 519. | |
| | | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 1,049,843.81 |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER | | 600. CASH AT SETTLEMENT FROM/TO SELLER | |
| Gross amount due from borrower (Line 120) | 1,335,614.63 | 601. Gross amount due to seller (Line 420) | 1,300,000.00 |
| Less amount paid by/for borrower (Line 220) | 535,877.52 | 602. Less reduction in amount due seller (Line 520) | 1,049,843.81 |
| CASH FROM BORROWER | 799,736.71 | 603. CASH TO SELLER | 250,156.19 |

SELLER'S STATEMENT

Information contained in Blocks E, G, H, and I and on line 401 (or, if line 401 is asterisked, line 403 and 404) is important tax information and is being furnished to the Internal Revenue Service (see Seller Certification). If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. You are required to provide the Settlement Agent with your correct taxpayer identification number. If you do not provide the Settlement Agent with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

... SETTLEMENT CHARGES

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $1,300,000.00 w 4.000% | | | |
| Division of Commission (line 700) as follows: | | | |
| 701 $25,775.00 to Excel Realty, Inc. | | | |
| 702 $21,225.00 to Friedberg Properties | | | |
| 703 Commission paid at Settlement | | | |
| 704 | | | 47,000.0 |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | | |
| 801 Loan Origination Fee   $ | | | |
| 802 Loan Discount   $ | | | |
| 803. Appraisal Fee to | | | |
| 804 Credit report to | | | |
| 805 Lender's Inspection Fee | | | |
| 806 Loan Application Fee to Mortgage Broker POC$890 | | | |
| 807. Refundable Commitment Acceptance Fee 1% POC$4000 | | | |
| 808 Mortgage Broker Fee from Lender to Livingston Mortgage POC$4000 | | | |
| 809 | | | |
| 810 | | | |
| 811 | | | |
| 812 | | | |
| 813. | | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | |
| 901 Interest from 07/20/2007-08/01/2007 @ $67.123 per day | | | |
| 902 Mortgage Insurance Premium for | | 805.48 | |
| 903 Hazard insurance Premium for | | - | |
| 904 | | | |
| 905 | | | |
| 1000. RESERVES DEPOSITED WITH LENDER | | | |
| 1001 Hazard insurance | | | |
| 1002 Mortgage insurance | | | |
| 1003 City Property Taxes 5 month(s) @ $1,016.25 per month | | | |
| 1004 County Property Taxes | | 5,091.25 | |
| 1005 Annual assessments | | | |
| 1006 | | | |
| 1007. | | | |
| 1008 Aggregate Accounting Adjustment | | | |
| 1100. TITLE CHARGES | | -1.00 | |
| 1101 Settlement or closing fee to Sang Chin Yom, Esq. | | | |
| 1102. Abstract or title search to | | 250.00 | |
| 1103 Title Examination to | | | |
| 1104 Title insurance binder to | | | |
| 1105 Document preparation to | | | |
| 1106 Notary fees to | | | |
| 1107. Attorney's fees to Sang Chin Yom, esq. | | | |
| (includes line numbers: William J.Rush, Esq. | | 2,500.00 | 1,000.00 |
| 1108 Title Insurance to Evergreen Land Title Services, Inc. | | | |
| (includes line numbers: | | 4,765.00 | |
| 1109 Lender's coverage $ 400000.00 | | | |
| 1110 Owner's coverage $1300000.00 | | | |
| 1111 Notice of settlement | | | |
| 1112 Bank Attorney Fee to Diefferbach, Witt & Birchy, Esqs. | | 300.00 | |
| 1113 | | 225.00 | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | | |
| 1201 Recording fees:   Deed $ 250.00   Mortgage $ 350.00   Release $ 600.00 | | 600.00 | 400.00 |
| 1202 City/county tax/stamps:   Deed $   Mortgage $ | | | |
| 1203 State tax/stamps:   Deed $   Mortgage $ | | | |
| 1204 Bergen County Clerk(Mansion tax & Transfer tax) | | | |
| 1205. Borough of Demarest (3rd Q. estimated tax) | | 13,000.00 | 13,205.00 |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | 2,743.90 | |
| 1301 Survey to Wells Associates Land Surveying | | | |
| 1302. Pest inspection to | | 1,150.00 | |
| 1303. Cost and Disbursement | | | |
| 1304. | | 195.00 | |
| 1305. | | | |
| 1400. TOTAL SETTLEMENT CHARGES (enter on lines 103, Section J and 502, Section K) | | 35,614.63 | 61,605.00 |

CERTIFICATION: I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and
disbursements made on my account or by me in this transaction. I further certify that I received a copy of the HUD-1 Settlement Statement.

Ralph Day                                     Borrower   Uk-Chung

Virginia Day                                  Borrower   Jin H. Chang

HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds disbursed or to be disbursed by the undersigned as part of the settlement of this transaction.

Settlement Agent   Sang Chin Yom              Date   07/20/2007

# EXHIBIT G

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

SETTLEMENT STATEMENT

| TYPE OF LOAN | | | 6. File Number: 0701P1218A | 7. Loan Number: 164448772 |
|---|---|---|---|---|
| 1. FHA | 2. FmHA | | | |
| 3. X Conv. Unins. | 4. VA | 5. Conv. Ins. | 8. Mortgage Insurance Case Number | |

C.   NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D.   NAME AND ADDRESS OF BORROWER: | E.   NAME, ADDRESS AND TIN OF SELLER: | F.   NAME AND ADDRESS OF LENDER: |
|---|---|---|
| DAVID H. KIM EUN JUNG LEE ABOUT TO BE: 62 COLUMBUS ROAD DEMAREST, NJ 07627 | VIRGINIA DAY 15 CHRISTIE STREET DEMAREST, NJ 07627 | AMERICA'S WHOLESALE LENDER 1800 TAPO CANYON ROAD SEMI VALLEY, CA 93063 |

| G.   PROPERTY LOCATION: | H.   SETTLEMENT AGENT NAME, ADDRESS AND TIN | |
|---|---|---|
| 62 COLUMBUS ROAD DEMAREST, NJ 07627 | KIM & BAE 2160 NORTH CENTRAL ROAD, FORT LEE, NJ 07024 | |
| | PLACE OF SETTLEMENT | I.   SETTLEMENT DATE   03/30/2007 |
| LOT 141   BLOCK 29.01 | 2160 NORTH CENTRAL ROAD FORT LEE, NJ 07024 | FUNDING DATE   03/30/2007 |

| J.   SUMMARY OF BORROWER'S TRANSACTION | | K.   SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER: | | 400. GROSS AMOUNT DUE TO SELLER: | |
| 101. Contract sales price | 1,200,000.00 | 401. Contract sales price | 1,200,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (Line 1400) | 33,016.04 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes 03/30/2007-03/31/2007 | 18.01 | 406. City/town taxes 03/30/2007-03/31/2007 | 18.01 |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 1,233,034.05 | 420. GROSS AMOUNT DUE TO SELLER | 1,200,018.01 |

| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER: | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
|---|---|---|---|
| 201. Deposit or earnest money | 120,000.00 | 501. Excess deposit | 120,000.00 |
| 202. Principal amount of new loan(s) | 960,000.00 | 502. Settlement charges to seller (Line 1400) | 60,695.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan COUNTRYWIDE | 404,582.61 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. REFRIGERATOR INST. ESCROW | 3,500.00 |
| 207. | | 507. HOME WARRANTY ESCROW | 2,400.00 |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 1,080,000.00 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 591,177.61 |

| 300. CASH AT SETTLEMENT FROM/TO BORROWER | | 600. CASH AT SETTLEMENT FROM/TO SELLER | |
|---|---|---|---|
| 301. Gross amount due from borrower (Line 120) | 1,233,034.05 | 601. Gross amount due to seller (Line 420) | 1,200,018.01 |
| 302. Less amount paid by/for borrower (Line 220) | 1,080,000.00 | 602. Less reduction in amount due seller (Line 520) | 591,177.61 |
| 303. CASH FROM BORROWER | 253,034.05 | 603. CASH TO SELLER | 608,840.40 |

Section 6 of the Real Estate Settlement Procedures Act (RESPA) requires the following:   • HUD must develop a Special Information Booklet to help persons borrowing money to finance the purchase of residential real estate better understand the nature and costs of real estate settlement services.   • Each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate.   • Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower is likely to incur in connection with the settlement. These disclosures are mandatory.

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper.

The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.

SETTLEMENT CHARGES

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $ 1,200,000.00 @ | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. $ 48,000.00 to FRIEDBERG PROPERTIES | | | |
| 702. $ | | | |
| 703. Commission paid at Settlement | | | 48,000.0 |
| 704. | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee   $ | | | |
| 802. Loan Discount   $ | | | |
| 803. Appraisal Fee to | | | |
| 804. Credit report to | | | |
| 805. Lender's Inspection Fee | | | |
| 806. BROKER FULL APPRAISAL TO SUZANNE AKISKA POC B $400 | | | |
| 807. BROKER CREDIT REPORT TO LANDSAFE POC B $15 | | | |
| 808. BROKER POINTS TO EASTERN AMERICAN MORTGAGE | | 9,600.00 | |
| 809. DISCOUNT POINTS (0.250%) TO COUNTRYWIDE | | 2,400.00 | |
| 810. TAX SERVICE FEE TO COUNTRYWIDE TAX SERVICE CORPORATION | | 80.00 | |
| 811. FLOOD CHECK FEE TO LANDSAFE FLOOD DETERMINATION, INC. | | 26.00 | |
| 812. COMMITTMENT TO AMERICA'S WHOLESALE LENDER | | 525.00 | |
| 813. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest from 03/30/2007-03/31/2007 @ $154.520 per day | | 309.04 | |
| 902. Mortgage Insurance Premium for | | | |
| 903. Hazard Insurance Premium for | | | |
| 904. | | | |
| 905. 2ND QTR TAXES (LAND ONLY) ADDED ASSESSMENTS WILL APPLY | | 1,621.00 | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | |
| 1001. Hazard Insurance | | | |
| 1002. Mortgage Insurance | | | |
| 1003. City Property Taxes | | | |
| 1004. County Property Taxes | | | |
| 1005. Annual assessments | | | |
| 1006. | | | |
| 1007. | | | |
| 1008. Aggregate Accounting Adjustment | | 0.00 | |
| **1100. TITLE CHARGES** | | | |
| 1101. Settlement or closing fee to | | | |
| 1102. Abstract or title search to | | | |
| 1103. Title Examination to | | | |
| 1104. Title insurance binder to | | | |
| 1105. Document preparation to | | | |
| 1106. Notary fees to | | | |
| 1107. Attorney's fees to KIM & BAE, PC POC $750/WILLIAM RUSH, ESQ. | | | 500.00 |
| (includes line numbers: 1101,1105 | | | |
| 1108. Title insurance to BUILDERS TITLE AGENCY, INC. | | 4,805.00 | |
| (includes line numbers: 1102,1103,1104 | | | |
| 1109. Lender's coverage $ 960000.00 | | | |
| 1110. Owner's coverage $ 1200000.00 | | | |
| 1111. | | | |
| 1112. | | | |
| 1113. | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording fees:  Deed $ 125.00  Mortgage $ 550.00  Release $ 100.00 | | 675.00 | 100.00 |
| 1202. City/county tax/stamps:  Deed $  Mortgage $ | | | |
| 1203. State tax/stamps:  Deed $  Mortgage $ | | | |
| 1204. REALTY TRANSFER FEE | | 12,000.00 | 11,995.00 |
| 1205. NOTICE OF SETTLEMENT | | 100.00 | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. Survey to ALL COUNTY SURVEYING, PC | | 575.00 | |
| 1302. Pest inspection to | | | |
| 1303. FAXES $0, COPIES $100, EDOCS $50, CERTIFIED CHECKS $50 | | 250.00 | |
| 1304. COURIER - TO UPS | | 50.00 | 25.00 |
| 1305. WIRE FEE | | | 75.00 |
| **1400. TOTAL SETTLEMENT CHARGES** (enter on lines 103, Section J and 502, Section K) | | 33,016.04 | 60,695.00 |

CERTIFICATION: I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I received a copy of the HUD-1 Settlement Statement.

Seller                VIRGINIA DAY                Borrower             DAVID H. KIM

Seller   Charles Duggan on behalf of William J. Rush

Borrower             BUN JUNG LEE

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds disbursed or to be disbursed by the undersigned as part of the settlement of this transaction.

                                                                03/30/2007

Settlement Agent     H. JULIA KIM, ESQ.               Date

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and

# EXHIBIT H

# Law Office of Charles Shaw & Associates

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

TEL (201) 338-2821

170 Washington Avenue
Dumont, New Jersey 07628

FAX (201) 338

March 26, 2008

**VIA FACSIMILE & REGULAR MAIL**
(201) 372-1007

William J. Rush, Esq.
10 Stuyvesant Avenue
Lyndhurst, New Jersey 07071

Re:    **67 Highland Avenue, Demarest, New Jersey and**
       **62 Columbus Road, Demarest, New Jersey**

Dear Mr. Rush:

Kindly be advised that this firm, and more specifically the undersigned, represents the interests of Virginia Day and Ralph Day, Sr. ("Days" or "Sellers") in connection with the closings of the properties located at 62 Columbus Road, Demarest, New Jersey (the "Columbus Property") and 67 Highland Avenue, Demarest, New Jersey (the "Highland Property"). It is my understanding that you facilitated the closing of the aforementioned properties by serving as the closing attorney for the Sellers. Annexed hereto as Exhibit A and Exhibit B, respectively, are copies of the HUD-1 Closing Statements for the Columbus Property and the Highland Property.

With regard to the Columbus Property, Line 603 of the HUD-1 Closing Statement, entitled "Cash to Seller", indicates that the amount of cash received by the Sellers totaled $608,840.40, whereas my clients only received net proceeds in the amount of $40,000.00.

With regard to the Highland Property, Line 603 of the HUD-1 Closing Statement, entitled "Cash to Seller", indicates that the amount of cash received by the Sellers totaled $250,156.19, whereas my clients never received <u>any</u> proceeds from the sale of the Highland Property. Furthermore, the Title Report for the Highland Property does not indicate a second mortgage from Wachovia Bank in the amount of $252,159.21, contrary to what is indicated on Line 505 of the HUD-1 Closing Statement for the Highland Property.

Kindly provide this firm with a copy of any all checks evidencing the disbursement of the proceeds for the Columbus and/or Highland Properties, any and all instructions from any client or third party regarding the disbursement of the proceeds for

**Law Office of Charles Shaw & Associates, P.C.**

March 26, 2008
Page 2

the Columbus and/or Highland Properties, and any and all Powers of Attorney executed by any clients or a third party in connection with the sale of the Columbus and/or Highland Properties.

Based upon a preliminary examination of the HUD-1 Closing Statements for both the Highland Property and the Columbus Property, it appears that you disbursed your former clients' funds to other parties without your former clients' knowledge or consent. Moreover, the signatures that appear on the HUD-1 Closing Statements for Virginia Day and Ralph Day, Sr., respectively, are not the signatures of your former clients. If you dispute these statements, kindly provide a written response setting forth your legal and/or factual basis for said dispute.

You are hereby advised to place your insurance carrier on notice of a potential claim with regard to these matters. In addition, kindly provide this firm with the name of your insurance company and your insurance policy number.

This correspondence is forwarded without prejudice to the rights and/or interests of Virginia Day and Ralph Day, Sr. in connection with any and all matters they may have with or against you.

I will await your prompt response.

Very truly yours,

CHARLES SHAW

Enclosures

cc:    Virginia Day and Ralph Day, Sr. (via regular mail)

# EXHIBIT A

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**                                    **SETTLEMENT STATEMENT**

| TYPE OF LOAN | | 6. File Number: | 7. Loan Number: |
|---|---|---|---|
| 1. FHA | 2. FmHA. | 0701P1218A | 164448772 |
| 3. X Conv. Unins. | 4. VA | 5. Conv. Ins. | 8. Mortgage Insurance Case Number |

C.   NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D.   NAME AND ADDRESS OF BORROWER: | E.   NAME, ADDRESS AND TIN OF SELLER: | F.   NAME AND ADDRESS OF LENDER: |
|---|---|---|
| DAVID H. KIM<br>EUN JUNG LEE<br>ABOUT TO BE:<br>62 COLUMBUS ROAD<br>DEMAREST, NJ 07627 | VIRGINIA DAY<br><br>15 CHRISTIE STREET<br>DEMAREST, NJ 07627 | AMERICA'S WHOLESALE LENDER<br>1800 TAPO CANYON ROAD<br>SEMI VALLEY, CA 93063 |

| G.   PROPERTY LOCATION: | H.   SETTLEMENT AGENT NAME, ADDRESS AND TIN | |
|---|---|---|
| 62 COLUMBUS ROAD<br>DEMAREST, NJ 07627 | KIM & BAE<br>2160 NORTH CENTRAL ROAD, FORT LEE, NJ 07024 | |
| | PLACE OF SETTLEMENT | I.   SETTLEMENT DATE   03/30/2007 |
| LOT 141        BLOCK 29.01 | 2160 NORTH CENTRAL ROAD<br>FORT LEE, NJ 07024 | FUNDING DATE   03/30/2007 |

| J.   SUMMARY OF BORROWER'S TRANSACTION | | K.   SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract sales price | 1,200,000.00 | 401. Contract sales price | 1,200,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (Line 1400) | 33,016.04 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes 03/30/2007-03/31/2007 | 18.01 | 406. City/town taxes 03/30/2007-03/31/2007 | 18.01 |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 1,233,034.05 | **420. GROSS AMOUNT DUE TO SELLER** | 1,200,018.01 |

| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
|---|---|---|---|
| 201. Deposit or earnest money | 120,000.00 | 501. Excess deposit | 120,000.00 |
| 202. Principal amount of new loan(s) | 960,000.00 | 502. Settlement charges to seller (Line 1400) | 60,695.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan  COUNTRYWIDE | 404,582.61 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. REFRIGERATOR INST. ESCROW | 3,500.00 |
| 207. | | 507. HOME WARRANTY ESCROW | 2,400.00 |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 1,080,000.00 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 591,177.61 |

| **300. CASH AT SETTLEMENT FROM/TO BORROWER** | | **600. CASH AT SETTLEMENT FROM/TO SELLER** | |
|---|---|---|---|
| 301. Gross amount due from borrower (Line 120) | 1,233,034.05 | 601. Gross amount due to seller (Line 420) | 1,200,018.01 |
| 302. Less amount paid by/for borrower (Line 220) | 1,080,000.00 | 602. Less reduction in amount due seller (Line 520) | 591,177.61 |
| **303. CASH FROM BORROWER** | 153,034.05 | **603. CASH TO SELLER** | 608,840.40 |

Section 5 of the Real Estate Settlement Procedures Act (RESPA) requires the following:    * HUD must develop a Special Information Booklet to help persons borrowing money to finance the purchase of residential real estate better understand the nature and costs of real estate settlement services; * Each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate; * Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower is likely to incur in connection with the settlement. These disclosures are mandatory.

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper.
The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.
This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.
The information requested does not lend itself to confidentiality.

SETTLEMENT CHARGES

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **700. TOTAL SALES/BROKER's COMMISSION** based on price $ 1,200,000.00 @ | | | |
| Division of Commission (line 700) as follow: | | | |
| 701. $ 48,000.00 to FRIEDBERG PROPERTIES | | | |
| 702. $ | | | |
| 703. Commission paid at Settlement | | | 48,000.00 |
| 704. | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee   $ | | | |
| 802. Loan Discount   $ | | | |
| 803. Appraisal Fee to | | | |
| 804. Credit report to | | | |
| 805. Lender's Inspection Fee | | | |
| 806. BROKER FULL APPRAISAL TO SUZANNE AKISKA POC B $400 | | | |
| 807. BROKER CREDIT REPORT TO LANDSAFE POC B $15 | | | |
| 808. BROKER POINTS TO EASTERN AMERICAN MORTGAGE | | 9,600.00 | |
| 809. DISCOUNT POINTS (0.250%) TO COUNTRYWIDE | | 2,400.00 | |
| 810. TAX SERVICE FEE TO COUNTRYWIDE TAX SERVICE CORPORATION | | 80.00 | |
| 811. FLOOD CHECK FEE TO LANDSAFE FLOOD DETERMINATION, INC. | | 26.00 | |
| 812. COMMITMENT TO AMERICA'S WHOLESALE LENDER | | 525.00 | |
| 813. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest from 03/30/2007-03/31/2007 @ $154.520 per day | | 309.04 | |
| 902. Mortgage Insurance Premium for | | | |
| 903. Hazard Insurance Premium for | | | |
| 904. | | | |
| 905. 2ND QTR TAXES (LAND ONLY) ADDED ASSESSMENT'S WILL APPLY | | 1,621.00 | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | |
| 1001. Hazard insurance | | | |
| 1002. Mortgage insurance | | | |
| 1003. City Property Taxes | | | |
| 1004. County Property Taxes | | | |
| 1005. Annual assessments | | | |
| 1006. | | | |
| 1007. | | | |
| 1008. Aggregate Accounting Adjustment | | 0.00 | |
| **1100. TITLE CHARGES** | | | |
| 1101. Settlement or closing fee to | | | |
| 1102. Abstract or title search to | | | |
| 1103. Title examination to | | | |
| 1104. Title insurance binder to | | | |
| 1105. Document preparation to | | | |
| 1106. Notary fees to | | | |
| 1107. Attorney's fees to KIM & BAE, PC POC $750/WILLIAM RUSH, ESQ. | | | 500.00 |
| (Includes line numbers: 1101,1105 | | | |
| 1108. Title Insurance to BUILDERS TITLE AGENCY, INC. | | 4,805.00 | |
| (includes line numbers: 1102,1103,1104 | | | |
| 1109. Lender's coverage $ 960000.00 | | | |
| 1110. Owner's coverage $ 1200000.00 | | | |
| 1111. | | | |
| 1112. | | | |
| 1113. | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording fees:   Deed $ 125.00   Mortgage $ 550.00   Release $ 100.00 | | 675.00 | 100.00 |
| 1202. City/county tax/stamps:   Deed $   Mortgage $ | | | |
| 1203. State tax/stamps:   Deed $   Mortgage $ | | | |
| 1204. REALTY TRANSFER FEE | | 12,000.00 | 11,995.00 |
| 1205. NOTICE OF SETTLEMENT | | 100.00 | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. Survey to ALL COUNTY SURVEYING, PC | | 575.00 | |
| 1302. Pest inspection to | | | |
| 1303. FAXES $0, COPIES $100, EDOCS $50, CERTIFIED CHECKS $50 | | 250.00 | |
| 1304. COURIER - TO UPS | | 50.00 | 25.00 |
| 1305. WIRE FEE | | | 75.00 |
| **1400. TOTAL SETTLEMENT CHARGES** (enter on lines 103, Section J and 502, Section K) | | 33,016.04 | 60,695.00 |

CERTIFICATION: I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I received a copy of the HUD-1 Settlement Statement.

Seller _____   VIRGINIA DAY   Borrower _____   DAVID H. KIM

_____ on behalf of William J. Rush

Seller _____   Borrower _____   BUN SUNG LEE

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds disbursed or to be disbursed by the undersigned as part of the settlement of this transaction.

03/30/2007

Settlement Agent _____   H. JULIA KIM, ESQ.   Date _____

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

# EXHIBIT B

HUD-1 UNIFORM SETTLEMENT STATEMENT

OMB Approval No. 2502-0

| A. U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT | | SETTLEMENT STATEMENT |
|---|---|---|

| B. TYPE OF LOAN | | | |
|---|---|---|---|
| 1. FHA  2. FmHA | 6. File Number: 2006-2935 | 7. Loan Number: 0701180528 |
| 3. X Conv. Unins.  4. VA  5. Conv. Ins. | 8. Mortgage Insurance Case Number | |

C.   NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

NOTE: TIN = Taxpayer's Identification Number

| D.   NAME AND ADDRESS OF BORROWER: | E.   NAME, ADDRESS AND TIN OF SELLER: | F.   NAME AND ADDRESS OF LENDER: |
|---|---|---|
| Uk Chung<br>Jin H. Chong<br>60 Park Ave., #9N<br>New York, NY 10016 | Ralph Day<br>Virginia Day | Hudson City Savings Bank<br>West 80 Century Rd., Paramus, NJ 07652 |

| G.   PROPERTY LOCATION: | H.   SETTLEMENT AGENT NAME, ADDRESS AND TIN |
|---|---|
| 67 Highland Ave.<br>Demarest, NJ 07627 | Sang Chin Yom<br>1580 Lemoine Avenue, Suite 9, Fort Lee, NJ 07024   13-3898658 |
| | PLACE OF SETTLEMENT |
| 49       127 | 1580 Lemoine Ave., suite 9, Fort Lee, NJ 07024 |
| | I.   SETTLEMENT DATE |
| | 07/20/2007 |

| J.   SUMMARY OF BORROWER'S TRANSACTION | | K.   SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER: | | 400. GROSS AMOUNT DUE TO SELLER: | |
| 101. Contract sales price | 1,300,000.00 | 401. Contract sales price | 1,300,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (Line 1400) | 35,614.63 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 1,335,614.63 | 420. GROSS AMOUNT DUE TO SELLER | 1,300,000.00 |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER: | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| 201. Deposit or earnest money | 130,000.00 | 501. Excess deposit | 130,000.00 |
| 202. Principal amount of new loan(s) | 400,000.00 | 502. Settlement charges to seller (Line 1400) | 61,605.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Refundable Commitment Fee | 4,000.00 | 504. Payoff of first mortgage loan Countrywide | 516,626.68 |
| 205. | | 505. Payoff of second mortgage loan Wachovia Bank | 252,159.21 |
| 206. | | 506. Fedex | 75.00 |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes 07/01/2007-07/20/2007 | 877.92 | 510. City/town taxes 07/01/2007-07/20/2007 | 877.92 |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| refrigerator credit | 1,000.00 | 513. Open Mortgage escrow/SCY | 2,500.00 |
| Taxes Current Year 10259.80 | | 514. Tax lien escrow/ SCY | 85,000.00 |
| Per Diem              28.109 | | 515. refrigerator credit | 1,000.00 |
| Seller Paid      4772.00 | | 516. | |
| Seller Owes (days)     201 | | 517. | |
| | | 518. | |
| | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 535,877.92 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 1,049,843.81 |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER | | 600. CASH AT SETTLEMENT FROM/TO SELLER | |
| Gross amount due from borrower (Line 120) | 1,335,614.63 | 601. Gross amount due to seller (Line 420) | 1,300,000.00 |
| Less amount paid by/for borrower (Line 220) | 535,877.92 | 602. Less reduction in amount due seller (Line 520) | 1,049,843.81 |
| CASH FROM BORROWER | 799,736.71 | 603. CASH TO SELLER | 250,156.19 |

SELLER'S STATEMENT

Information contained in Blocks E, G, H, and I and on line 401 (or, if line 401 is asterisked, line 403 and 404) is important tax information and is being furnished to the Internal Revenue Service (see Seller Certification). If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. You are required to provide the Settlement Agent with your correct taxpayer identification number. If you provide the Settlement Agent with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of ...y, I certify that the number shown on this statement is my correct taxpayer identification number.

### SETTLEMENT CHARGES

| | PAID FROM BORROWERS FUNDS AT SETTLEMENT | PAID FROM SELLERS FUNDS AT SETTLEMENT |
|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $1,300,000.00 w 4.000% | | |
| Division of Commission (line 700) as follows: | | |
| 701 $25,275.00 to Excel Realty, Inc. | | |
| 702 $21,225.00 to Friedberg Properties | | |
| 703 Commission paid at Settlement | | |
| 704 | | 47,000.00 |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | |
| 801 Loan Origination Fee $ | | |
| 802 Loan Discount $ | | |
| 803. Appraisal Fee to | | |
| 804 Credit report to | | |
| 805 Lender's Inspection Fee | | |
| 806 Loan Application Fee to Mortgage Broker POC$690 | | |
| 807 Refundable Commitment Acceptance Fee 1% POC$4000 | | |
| 808 Mortgage Broker Fee from Lender to Livingston Mortgage POC$4000 | | |
| 809 | | |
| 810 | | |
| 811 | | |
| 812 | | |
| 813 | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | |
| 901 Interest from 07/20/2007-08/01/2007 @ $67.123 per day | | |
| 902 Mortgage Insurance Premium for | 805.48 | |
| 903 Hazard insurance Premium for | | |
| 904 | | |
| 905 | | |
| 1000. RESERVES DEPOSITED WITH LENDER | | |
| 1001 Hazard insurance | | |
| 1002 Mortgage insurance | | |
| 1003 City Property Taxes 5 month(s) @ $1,816.25 per month | | |
| 1004 County Property Taxes | 5,081.25 | |
| 1005 Annual assessments | | |
| 1006 | | |
| 1007 | | |
| 1008 Aggregate Accounting Adjustment | | |
| 1100. TITLE CHARGES | -1.00 | |
| 1101 Settlement or closing fee to Sang Chin Yom, Esq | | |
| 1102. Abstract or title search to | 250.00 | |
| 1103 Title Examination to | | |
| 1104 Title insurance binder to | | |
| 1105 Document preparation to | | |
| 1106 Notary fees to | | |
| 1107 Attorney's fees to Sang Chin Yom, esq. | | |
| (includes line numbers: William J.Rush, Esq. | 2,500.00 | 1,000.00 |
| 1108 Title Insurance to Evergreen Land Title Services, Inc. | | |
| (includes line numbers: | 4,765.00 | |
| 1109 Lender's coverage $ 400000.00 | | |
| 1110 Owner's coverage $ 1300000.00 | | |
| 1111 Notice of settlement | | |
| 1112 Bank Attorney Fee to Dieffenbach, Witt & Birchy, Esqs. | 300.00 | |
| 1113 | 225.00 | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | |
| 1201 Recording fees:  Deed $ 250.00  Mortgage $ 350.00  Release $ 600.00 | | |
| 1202 City/county tax/stamps:  Deed $  Mortgage $ | 600.00 | 400.00 |
| 1203 State tax/stamps:  Deed $  Mortgage $ | | |
| 1204 Bergen County Clerk(Mansion tax & Transfer tax) | | |
| 1205 Borough of Demarest(3rd Q. estimated tax) | 13,000.00 | 13,205.00 |
| 1300. ADDITIONAL SETTLEMENT CHARGES | 2,743.90 | |
| 1301 Survey to Wells Associates Land Surveying | | |
| 1302. Pest inspection to | 1,150.00 | |
| 1303. Cost and Disbursement | | |
| 1304 | 195.00 | |
| 1305 | | |
| 1306 | | |
| 1400. TOTAL SETTLEMENT CHARGES (enter on lines 103, Section J and 502, Section K) | 35,614.63 | 61,605.00 |

CERTIFICATION: I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I received a copy of the HUD-1 Settlement Statement.

Seller  Ralph Day                Borrower  Uk-Chung

Seller  Virginia Day            Borrower  Jin H. Chong

HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds disbursed or to be disbursed by the undersigned as part of the settlement of this transaction

Settlement Agent:  Sang Chin Yom        Date  07/20/2007

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties...

# EXHIBIT I

SETTLEMENT STATEMENT

| A. U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT | | |
|---|---|---|
| B. TYPE OF LOAN | 6. File Number: | 7. Loan Number: NONE |
| 1. FHA 2. FmHA 3. Conv Unins 4. VA 5. Conv Ins | 8. Mortgage Insurance Case Number | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. NAME AND ADDRESS OF BORROWER: | E. NAME, ADDRESS AND TIN OF SELLER: | F. NAME AND ADDRESS OF LENDER: |
|---|---|---|
| JOEL GREEN | ANN CAPAZZI | NONE |
| 82 ROSS AVENUE DEMAREST, NJ 07627 | 16 EAST BROOK DRIVE HARRINGTON PARK, NJ 07640 | |

| G. PROPERTY LOCATION | H. SETTLEMENT AGENT NAME, ADDRESS AND TIN | |
|---|---|---|
| 11 MOUNTAIN VIEW COURT L-15/BLK 1.03(Demarest Map) DEMAREST, NJ 07627 | Robert C. Metzdorf, Esquire 135 Fort Lee Road, Leonia, NJ 07605 | 22-3492680 |
| L-15/BLK-1.01 | PLACE OF SETTLEMENT | I. SETTLEMENT DATE 05/19/2008 |
| | Robert C. Metzdorf, Esq., 135 Fort Lee Rd., Leonia, NJ 07605 | FUNDING DATE 05/19/2008 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER: | | 400. GROSS AMOUNT DUE TO SELLER: | |
| 101. Contract sales price | 1,480,000.00 | 401. Contract sales price | 1,480,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (Line 1400) | 22,452.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | 3,617.54 | 406. City/town taxes | 3,617.54 |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 1,506,069.54 | 420. GROSS AMOUNT DUE TO SELLER | 1,483,617.54 |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER: | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| 201. Deposit of earnest money | 148,000.00 | 501. Excess deposit | 148,000.00 |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (Line 1400) | 75,441.45 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan CHEVY CHASE BK | 1,275,623.95 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. Escrow tax clearance filings | 3,000.00 |
| 207. | | 507. Escrow -EIFS Stucco Repair | 5,000.00 |
| 208. | | 508. | |
| 209. | | 509. Radon Remediation Credit | 2,786.00 |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 148,000.00 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 1,509,851.40 |

| 300. CASH AT SETTLEMENT FROM/TO BORROWER | | 600. CASH AT SETTLEMENT FROM/TO SELLER | |
|---|---|---|---|
| 301. Gross amount due from borrower (Line 120) | 1,506,069.54 | 601. Gross amount due to seller (Line 420) | 1,483,617.54 |
| 302. Less amount paid by/for borrower (Line 220) | 148,000.00 | 602. Less reduction in amount due to seller (Line 520) | 1,509,851.40 |
| 303. CASH FROM BORROWER | 1,358,069.54 | 603. CASH FROM SELLER | 26,233.50 |

Section 5 of the Real Estate Settlement Procedures Act (RESPA) requires the following: * HUD must develop a Special Information Booklet to help persons borrowing money to finance the purchase of residential real estate to better understand the nature and costs of real estate settlement services; * Each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate; * Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower is likely to incur in connection with the settlement. These disclosures are mandatory.

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper.

The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. The information requested does not lend itself to confidentiality.

| | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| **700. TOTAL SALES/BROKER'S COMMISSION** based on price $ 1,480,000.00 @ 2.000% | | |
| Division of Commission (line 700) as follows: | | |
| 701 $ 29,600.00 to McSpirit & Beckett Real Estate | | |
| 702 $ | | |
| 703 Commission paid at Settlement | | |
| 704. | | 29,600.00 |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801 Loan Origination Fee $ | | |
| 802 Loan Discount $ | | |
| 803 Appraisal Fee to | | |
| 804 Credit report to | | |
| 805 Lender's Inspection Fee | | |
| 806 | | |
| 807 | | |
| 808 | | |
| 809 | | |
| 810 | | |
| 811 | | |
| 812 | | |
| 813 | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901 Interest from | | |
| 902 Mortgage Insurance Premium for | | |
| 903 Hazard insurance Premium for 1 year(s) to POC | | |
| 904 | | |
| 905 | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | |
| 1001 Hazard insurance | | |
| 1002 Mortgage insurance | | |
| 1003 City Property Taxes | | |
| 1004 County Property Taxes | | |
| 1005 Annual assessments | | |
| 1006 | | |
| 1007 | | |
| 1008 Aggregate Accounting Adjustment | 0.00 | |
| **1100. TITLE CHARGES** | | |
| 1101 Settlement or closing fee to | | |
| 1102 Abstract or title search to | | |
| 1103 Title Examination to | | |
| 1104 Title insurance binder to | | |
| 1105 Document preparation to | | |
| 1106 Notary fees to | | |
| 1107 Attorney's fees to Robert C. Metzdorf, Esq. | 1,000.00 | |
| (includes line numbers: | | |
| 1108 Title Insurance to Dedicated Title Agency, LLC | 5,292.00 | |
| (includes line numbers includes Notice of Settlement filing | | |
| 1109 Lender's coverage $ 0.00 | | |
| 1110 Owner's coverage $ 1,480,000.00 | | |
| 1111 WILLIAM J. RUSH, ESQ. (Seller's legal fee) | | 1,100.00 |
| 1112 | | |
| 1113 | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201 Recording fees: Deed $ 110.00 Mortgage $ Release $ | 110.00 | |
| 1202 City/cnty tax/stamps Deed $ Mortgage $ | | |
| 1203 State tax/stamps Deed $ Mortgage $ | | |
| 1204 Realty Transfer Fee | | 15,383.00 |
| 1205 | 14,800.00 | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301 Survey to LAKELAND SURVEYINC (Invoice# 080192) | 1,250.00 | |
| 1302 Pest inspection to | | |
| 1303 BOROUGH OF CRESSKILL(TOTAL 3 OUTSTANDING TAX REDEMPTION) | | 8,019.35 |
| 1304 BOROUGH OF DEMAREST(2ND QTR 2008 TAXES PAID IN FULL-$7838.00) | | |
| 1305 GLEN ROCK BUILDING | | 21,314.14 |
| 1306 Wire Out Fee (payoff Chevy Chase Bank)to Robert Metzdorf, Esq. | | 25.00 |
| **1400. TOTAL SETTLEMENT CHARGES** (enter on lines 103, Section J and 502, Section K) | 22,452.00 | 75,441.49 |

CERTIFICATION: I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I received a copy of the HUD-1 Settlement Statement

Seller _____ ANN CAPAZZI _____ Borrower _____ JOEL GREEN

Seller _____ Borrower _____

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds disbursed or to be disbursed by the undersigned as part of the settlement of this transaction

Settlement Agent _____ Robert C. Metzdorf, Esquire _____ Date _____

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

# EXHIBIT J

# *William J. Rush, Esq.*

*Attorneys at Law*
*585 Hoboken Road*
*Carlstadt, NJ 07072*

*Tel: 201 372-1006*

*Fax: 201 372-1007*

June 2, 2008

Law Office of Charles Shaw & Associates
170 Washington Avenue
Dumont, New Jersey 07628
*Attn: Charles Shaw, Esq.*
*Via Facsimile: (201) 338-2826 &*
*Via Next Day Air #1Z Y30 21W 01 9484 6264*

Re:    **11 Mountain View Court**
       **Demarest, N.J.**

Dear Mr. Shaw:

Per your request, enclosed herewith please find our Attorney Trust Account Check No. 9284 in the amount of Fifty Thousand Dollars and 00/100 cents ($50,000.00) made payable to Ralph Day, your client, representing release of escrow regarding the above referenced real property.

Upon receipt, should you wish to discuss this matter further, kindly contact our office at the above listed numbers.

Very truly,

William J. Rush, Esq.

WJR/ms
Enclosures
cc.    Louis A. Capazzi



**WILLIAM J. RUSH ESQ.**
ATTORNEY TRUST ACCOUNT
585 HOBOKEN ROAD
CARLSTADT, NJ 07072
(201) 372-1006

JPMORGAN CHASE BANK, N.A.
MONTCLAIR, NEW JERSEY 07042
WWW.CHASE.COM
55-233-212

9284

875

PAY

TO THE
ORDER OF    RALPH DAY

DATE    AMOUNT

Fifty Thousand AND no/100************************************************************

06/02/2008    50,000.00

RELEASE OF ESCROW FOR 11 MOUNTAIN VIEW

**WILLIAM J. RUSH ESQ.**
ATTORNEY TRUST ACCOUNT

9284

Check Date: 06/02/2008

9284

RALPH DAY

CHECK AMOUNT:    50,000.00

RELEASE OF ESCROW FOR 11 MOUNTAIN VIEW